IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JON SUKEFORTH, administrator of the Estate of Patrick Sukeforth,<br><br>              Plaintiff,<br><br>   v.<br><br>THE CHESAPEAKE INN, et al.,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 04-2485 (JBS)<br><br>**MEMORANDUM OPINION and ORDER** |

**SIMANDLE**, U.S. District Judge:

    This is the unopposed motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) filed by Defendant M&M Inc. t/a The Chesapeake Inn (the "Chesapeake Inn"). For the following reasons, the motion will be granted and the Court will dismiss the Complaint against the Chesapeake Inn for lack of personal jurisdiction in New Jersey.

    The Court initially makes the following findings of fact for purposes of this motion only:

    1.    Plaintiff, Jon Sukeforth, is the administrator of the estate of his deceased brother, Patrick Sukeforth. On or about May 26, 2002, Patrick was a passenger on a boat, the "Hard Wood," owned and captained by Richard Boyce. (Compl. ¶¶ 1-2.)

2.  While cruising on the Delaware River, Patrick and Boyce patronized the Chesapeake Inn, a restaurant located on the Chesapeake Bay in Maryland. (Def. Br. at 6.) Plaintiff alleges that Boyce consumed alcohol at the Chesapeake Inn and was served alcohol despite his being visibly intoxicated. (Compl. ¶¶ 2-3.)

3.  Patrick remained a passenger on the Hard Wood in the early morning hours of May 27, 2002 when the boat allegedly hit a submerged object, thereby losing its propellor and becoming disabled. The Complaint alleges that Boyce was operating the vessel while intoxicated, at an excessive rate of speed and in a negligent manner. (Id. ¶¶ 1, 4.)

4.  The Hard Wood ultimately drifted into the channel of the Delaware River at which time it was allegedly struck by another boat, the "Cape Cod." (Id. at ¶ 5.)

5.  Immediately prior to the collision, Patrick and Boyce jumped from the Boat into the Delaware River. Boyce was rescued, though Patrick's body was never recovered. Patrick was pronounced deceased by the Superior Court of New Jersey, Salem County, on May 14, 2004. (Id. at ¶¶ 6-9.) This negligence and wrongful death action was commenced on May 27, 2004.

Defendant filed this motion to dismiss under Fed.R.Civ.P. 12(b)(2), arguing that it has no contacts with the State of New Jersey sufficient to support the exercise of personal jurisdiction by this Court.  (Def. Br. at 2.)  The plaintiff bears the burden of demonstrating the facts that establish personal jurisdiction.  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002).  Even accepting as true all of Plaintiff's allegations here, id. at 368, the Court finds that Plaintiff has not satisfied that burden.

In order for this Court to exercise personal jurisdiction over a party, "the plaintiff must show that the defendant has purposefully directed its activities toward the residents of the forum state, or otherwise purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998) (internal citations omitted).  Here, Plaintiff does not contest that the Chesapeake Inn is located in Maryland and that it has no physical presence in New Jersey.  Moreover, Plaintiff does not dispute that Defendant the Chesapeake Inn has no agent for service of process in New Jersey, does not own or directly lease any property in New Jersey, does not advertise in any New Jersey publication, and has no telephone listing or address in New Jersey.  (Def. Br. at 5-6.)

For above reasons, Plaintiff can not demonstrate that Defendant the Chesapeake Inn has invoked the benefits and protections of New Jersey law thereby supporting a finding of personal jurisdiction.[1]  The Complaint must be dismissed as to Defendant the Chesapeake Inn.

Therefore, IT IS this __**7th**__ day of June 2006 hereby

ORDERED that the motion to dismiss for lack of personal jurisdiction by Defendant the Chesapeake Inn [Docket Item 3] is **GRANTED**, without prejudice to Plaintiff's right to initiate suit in a court of competent jurisdiction.

 _s/ Jerome B. Simandle_
JEROME B. SIMANDLE
U.S. District Judge

---

[1] Likewise, the Court finds that Plaintiff has not demonstrated that subjecting Defendant Chesapeake Inn to personal jurisdiction in this case would comport with "traditional notions of fair play and substantial justice." IMO Industries, 155 F.3d at 259 (internal citations omitted).